UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GARRETT COTE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:25-cv-00029-NT |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the Maine Correctional Center, filed a complaint against the Maine Department of Corrections and Mountain View Correctional Facility regarding the conditions of his confinement. (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 3), which application the Court granted. (Order, ECF No. 4.)

In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or . . . as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint, I recommend the Court dismiss the complaint, unless Plaintiff amends the complaint to allege an actionable claim against a proper defendant or defendants.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the

benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim", *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

Plaintiff alleges that while incarcerated at the Mountain View Correctional Facility in August 2024, he was denied suitable (in amount and quality) water, was not allowed to shower for over seventy-two hours, and was placed in an unsanitary cell. (Complaint at 5; Attachment to Complaint, ECF No. 1-1.) Plaintiff claims his mental health has suffered as the result of the conditions. (*Id.*) Plaintiff seeks to recover monetary damages. (Complaint at 5.)

Plaintiff's claim may be construed as a conditions of confinement claim under the Eighth Amendment. To pursue such a claim, a plaintiff must show (1) that "he is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v.*

3

*Brennan*, 511 U.S. 825, 834 (1994), and (2) that "the responsible prison official had 'a sufficiently culpable state of mind' amounting to 'deliberate indifference' to an inmate's health or safety of a degree indicative of an intent to wantonly inflict pain." *Connolly v. County of Suffolk*, 533 F. Supp. 2d 236, 241 (D. Mass. 2008) (quoting *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991)).

To the extent Plaintiff has alleged facts that could support a conditions of confinement claim, Plaintiff cannot pursue the action against Maine Department of Corrections or Mountain View Corrections Center. Subject to limited exceptions not applicable in this case, the State of Maine and its agencies have immunity under the doctrine of sovereign immunity exemplified by Eleventh Amendment to the United States Constitution against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n.6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Additionally, while a federal district court would have jurisdiction under the Civil Rights Act over claims against persons exercising state authority, § 1983 does not authorize claims against the state or its agencies. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir.2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").

In sum, Plaintiff has not alleged an actionable claim against the named defendants.[1]

## CONCLUSION

Based on the foregoing analysis, following a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, unless within fourteen days of the date of this Recommended Decision, Plaintiff amends his complaint to allege an actionable claim against a proper defendant or defendants, I recommend the Court dismiss the complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of April, 2025.

---

[1] Because Plaintiff has not alleged a claim against a proper defendant, I have not assessed whether Plaintiff's allegations would support a conditions of confinement claim. As noted below, Plaintiff will have the opportunity to amend his complaint to allege an actionable claim. If Plaintiff amends his complaint to assert a claim against a proper defendant, the Court will assess whether Plaintiff has alleged sufficient facts to support an Eighth Amendment conditions of confinement claim.